FILED Rec'd
IN CLERK'S OFFICE 7/16/13
U.S. DISTRICT COURT E.D.N.Y. k2H
★ JUL 11 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUHAMMAD AHMAD MAJID,

                          Plaintiff,

-against-

DOVA MEDICAL CENTER (Employer) and
EDDIE YEE, Director of Patient Travel (Employee),

                          Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
13-CV-2958 (CBA)

AMON, Chief United States District Judge,

      Plaintiff Muhammad Ahmad Majid filed this *pro se* action against a Department of Veterans Affairs ("VA") facility in Brooklyn and one of its employees on May 16, 2013. His request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

      Plaintiff alleges that he has service-connected disabilities, for which he receives treatment at the VA medical facility at 800 Poly Place in Brooklyn. (Complaint at 1; Exhibit 1; Exhibit 2.) He states that he had been receiving individual car service to get to the facility until December 2012, when "I was suddenly and without warning removed from specialized patient transportation services . . . to group van service." (Compl. at 1.) Plaintiff alleges that he requested individual car service from defendant Eddie Yee, Director of Patient Travel, who temporarily returned plaintiff to individual service, but then "permanently removed me from specialized patient car service." (Id.) Plaintiff alleges that he filed administrative complaints "to no avail." (Id.)

      Plaintiff alleges that defendants have discriminated against him by providing individual car service to chemotherapy and dialysis patients while denying it to plaintiff, who suffers from

"neorogenic bladder" and "paralysis of sciatic nerve." (Compl. at 1-2.) He seeks injunctive relief returning him to individual car service and $1,100,000 in damages.

## DISCUSSION

### A. Standard of Review

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### B. Jurisdiction

Prior to ruling on the merits of a case, a federal court must first determine "that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007). With regard to the former, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01.

2

## C. No Subject Matter Jurisdiction

This Court does not have jurisdiction over plaintiff's claim. In cases involving veterans' claims for benefits, Congress has created an exclusive channel of judicial review. A veteran's request for benefits is first processed and decided by VA officials in regional offices, under the ultimate authority of the Secretary of Veterans Affairs. Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1200 (2011) (explaining the VA's process for adjudicating benefits claims); 38 U.S.C. § 511(a) ("The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits."). If the veteran is unhappy with the initial benefits decision, he or she may appeal to the Board of Veterans' Appeals, within one year of the VA's decision. 38 U.S.C. § 7104 - § 7105 (establishing procedures for appeal to the Board). Pursuant to the Veterans' Judicial Review Act of 1988 ("VJRA"), 102 Stat. 4105 (codified, as amended, in various sections of 38 U.S.C.), the veteran may then appeal to the United States Court of Appeals for Veterans Claims, an Article I tribunal created by the VJRA, which has exclusive jurisdiction over decisions made by the Appeals Board. 38 U.S.C. §§ 7251-7252(a). After a final decision of the Court of Appeals for Veterans Claims, a veteran may seek federal court review in the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. If the veteran is still dissatisfied after these three levels of review, he or she may seek certiorari to the Supreme Court of the United States. Id.; see also Henderson ex rel. Henderson, 131 S. Ct. at 1200-01. Nowhere is there provision for original decision by or appeal to the United States District Courts or United States Circuit Courts other than the Federal Circuit. See Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1019-24 (9th Cir. 2012) (concluding that the VJRA divested the court of any jurisdiction to review claims regarding the provision of

veterans' benefits), cert. denied, 133 S. Ct. 840 (U.S. 2013); Hassan v. U.S. Dep't of Veterans Affairs, 137 Fed. App'x 418, 420 (2d Cir. 2005) (complaint that plaintiff was expelled from a VA hospital properly dismissed for lack of subject matter jurisdiction); Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000) (district court lacked jurisdiction over claim for VA reimbursement for medical expenses incurred at non-VA facility). A veteran's invocation of alleged discriminatory treatment or other constitutional claim does not overcome 38 U.S.C. § 511(a)'s limitations on federal court review. Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994) ("[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1501 (2d Cir. 1992) (finding that the provisions of the VJRA "amply evince Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in [the VJRA's] exclusive appellate review scheme").

It is clear that this Court lacks subject matter jurisdiction to consider plaintiff's eligibility for specified services from the VA or to review the decisions of VA employees related to the provision of benefits and services. Accordingly, plaintiff's claims must be dismissed in this Court, without prejudice to seeking review in the Board of Veterans' Appeals and subsequent available proceedings.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction over this action. Fed. R. Civ. P. 12(h)(3). Any potential claims related to veterans benefits are dismissed without prejudice to raising them in the proper forum. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in

good faith; thus, *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
_____
CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
      July /*/ 2013